IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHADONNA SPENCER,
Parent and Next Friend of K. S.
2344 Pitts Place, SE, Apt. 101
Washington, D.C. 20020
and 7 Elmira Street SE, Apt 4
Washington, D.C. 20032

       Plaintiffs

v.

DISTRICT OF COLUMBIA,
Serve:  Anthony Williams, Mayor
Wilson Building
1350 Pennsylvania Avenue, NW
Washington, D.C. 20004

   and

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
Serve:  Clifford Janey, Superintendent
825 North Capitol Street, NE
Washington, D.C. 20002

   and

DISTRICT OF COLUMBIA,
Serve:  Robert Spagnoletta, Attorney General
Wilson Building
1350 Pennsylvania Avenue, NW, Suite 409
Washington, D.C. 20004

   and

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
Serve:  Quinne Harris-Lindsey, Manager
825 North Capitol Street, NE
Washington, D.C. 20002

      Defendants.

Civil Action No. _____
JUDGE: _____

1

## COMPLAINT
(for injunctive and declaratory relief)

**COME NOW** plaintiff Shadonna Spencer as parent and next friend of KS by Attorney Roy Carleton Howell and alleges the following:

**PROCEDURE POSTURE**

1.  This is an appeal of the District of Columbia Government's 16th December 2005 denial of an *Individuals With Disabilities Education Improvement Act 2004, 20 USC 1415 § 615 (f) (1) (A)* due process administrative Hearing.

**JURISDICTION**

2.  This court has jurisdiction pursuant to the *Individuals With Disabilities Education Act (IDEA), 20 USC 1400 – 1461,* and the *Individuals With Disabilities Education Improvement Act 2004, 20 USC 1400 et seq.*

3.  This court has jurisdiction pursuant to the *Rehabilitation Act of 1973 (Section 504), 29 USC 794.*

4.  This court has jurisdiction pursuant to *42 USC 1983 – Civil action for deprivation of rights.*

5.  This court has jurisdiction pursuant to *Americans With Disabilities Act, 42 USC 12101 et seq.*

6.  This court has jurisdiction pursuant to *28 USC 1331 – Federal question.*

7.  Declaratory relief is authorized via *28 USC 2201* and *2202.*

8.  This court has jurisdiction pursuant to *28 USC 1361 – Action to compel an officer of the United States to perform his duty.*

2

**PARTIES**

9. Shadonna Spencer is a resident of the District of Columbia and the mother of the minor K. S. Shadonna Spencer brings this suit on behalf of her minor son K.S. whose date of birth is 25th September 1998.

10. The District of Columbia is a municipal corporation that receives federal financial assistance and is required to comply with applicable regulations and statutes of the *IDEA, ADA, Rehabilitation Act § 504,* and the *IDEIA.*

11. Anthony Williams is the Mayor of the District of Columbia and as such is responsible for ensuring that all federal and District laws and regulations are followed, and that all disabled children in the District of Columbia receive a free and appropriate public education *(FAPE)* with their rights to equal protection and due process of law.

12. Dr. Clifford B. Janey is the Superintendent of the District of Columbia Public Schools (DCPS), and as such is responsible for ensuring that all disabled children in the District of Columbia receive *FAPE* with their rights to equal protection and the due process of law.

13. Robert Spagnoletti is the Attorney General for the District of Columbia, and was duly served with this cause of action.

14. The District of Columbia Government is charged with providing due process administrative Hearings and *FAPE* to all disabled children in the District of Columbia.

**FACTUAL ALLEGATIONS**

15. KS is a seven year old indigent special education and special needs child who attends Wilkinson Elementary School in Southeast Washington, D.C.

16. On 24th November 2004 Dr. Carolyn D. Green certified school psychologist performed a psycho-educational assessment on KS and recommended/ordered a clinical psychological evaluation and a speech and language screening evaluation in order to address the ongoing disruptive behaviors of KS in school committed against teachers, staff and other children.

17. In contradiction to Dr. Green's orders/recommendations the government consummated an individual education program *(IEP)* without the evaluations and assessments ordered by Dr. Green, and in turn did not address the important psychological and speech issues necessary to remedy KS' ongoing disruptive behaviors, academic and emotional needs to provide *FAPE*.

18. Therefore, the current *IEP* for KS did not provide *FAPE* in view of the government's failure to comply with *34 C.F.R. § 300.532 (g)* and *(j)*. ***Board of Education of the Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, at pp 181-182 (1982).***

19. KS' special education determinations, related services, and special education programs and placement articulated in his *IEP* are invalid, defective and inappropriate.

20. Subsequently on 6th December 2005 plaintiff filed a request for a due process Hearing with the State Education Agency for the District of Columbia.

21. Plaintiff filed an administrative complaint to compel the government to perform all evaluations, and assessments ordered/recommended by Dr. Green and to compel the government to provide a psycho-educational reassessment to provide the Multi-disciplinary Team *(MDT)* updated data to address KS' current situation.

4

22. On 9th December 2005 plaintiff's attorney received a **SCHEDULING MEMORANDUM** from the government which disclosed the deadline date for the resolution meeting as 21st December 2005.

23. The 9th December 2005 **SCHEDULING MEMORANDUM** from the government did not provide plaintiff's counsel with notice of the name, address and telephone number of the government's attorney, nor was there any other oral communication to disclose this information to plaintiff's counsel.

24. Although the government was well aware that plaintiff's counsel would attend the resolution meeting per disclosure in the administrative pleadings, at not time did the government contact plaintiff's attorney of record to negotiate a date and time for a resolution meeting.

25. The government has a policy to exclude plaintiff's lawyer from the resolution meeting by not serving the attorney with notice of date and time, and this is done to gain unfair advantage.

26. The government has a policy to exclude plaintiff's lawyer from the resolution meeting by not serving the attorney with the name, address, and telephone number of the government's attorney, and this is done to gain unfair advantage.

27. The government instructs and/or allows their employees to with hold information from plaintiff's lawyer about resolution meeting date and time, and this is done to gain unfair advantage.

28. The government instructs and/or allows their employees to conceal the name of the attorney representing them at this stage of the administrative matter, and this is done to gain unfair advantage.

29. The government excluded plaintiff's attorney from a meeting at their school concerning the resolution and settlement of her administrative due process case, and settled the case without counsel's permission, or knowledge.

30. Plaintiff has very limited education, limited knowledge and experience and stated in a 14th December 2005 letter to the government that she did not understand the letter the government had her write.

31. Plaintiff executed a 14th December 2005 letter to the government stating that she wanted her case to go forward, and that all communications were to go to her attorney of record.

32. On 16th December 2005 the government removed plaintiff's case from the calendar and terminated it from the docket for consideration for a due process Hearing pursuant to order from government manager Quinn Harris-Lindsey.

**COUNT I**

33. Plaintiff repeats and re-alleges paragraphs 1-32 of this Complaint.

34. The government's removal, termination of plaintiff's case from the calendar and docket from any administrative review pursuant to the ***IDEIA, 20 USC 1415 § 615 (f) (1) (A)*** is a violation of due process of law and a denial of a free appropriate public education which inflicts irreparable injury upon this small child.

35. WHEREFORE, plaintiff demands that the government be enjoined from removing/terminating the case of ***In The Matter of K.S.*** from the calendar and docket for a due process Hearing before a Hearing Officer at the State Education Agency for the District of Columbia.

36. WHEREFORE, plaintiff demands that the government be compelled to comply with the *IDEA, 20 USC 1415 § 615 (f) (1) (A)* and provide plaintiff a due process Hearing before a Hearing Officer at the State Education Office within 5 days.

**COUNT II**

37. Plaintiff repeats and re-alleges paragraphs 1-32 of this Complaint.

38. The minor KS has suffered irreparable injury and continues to suffer immediate irreparable injury from the government's ongoing violations of plaintiff's federal statutory, federal common law, and federal regulatory rights.

39. WHEREFORE, plaintiff moves this honorable court to immediately grant their TRO to compel the government to provide plaintiff a due process administrative Hearing within 5 days.

**COUNT III**

40. Plaintiff repeats and re-alleges paragraphs 1-32 of this Complaint.

41. The government engages in unauthorized communications with plaintiff to the exclusion of her attorney of record.

42. WHEREFORE, plaintiff demands that the government be enjoined from further unauthorized contact with plaintiff, and provide the counsel of record with notice and copies of any pleadings, letters, and communications.

**COUNT IV**

43. Plaintiff repeats and re-alleges paragraphs 1-32 of this Complaint.

44. The government conceals the name, address and telephone number of their lawyer at various stages of the administrative process, and this is done to gain advantage

and circumvent the rules of Professional Responsibility.

45. WHEREFORE, plaintiff demands that the government be compelled to immediately and during all phases of the administrative process fully disclose the name, address, and telephone number of their attorney.

**COUNT V**

46. Plaintiff repeats and re-alleges paragraphs 1-32 of this Complaint.

47. Defendant Quinn Harris-Lindsey is the manager for paying and approving attorney's *IDEA* vouchers for the government, and she has simultaneously assumed the role of litigator for the government against plaintiff's counsel in this case.

48. Defendant Quinn Harris-Lindsey is using her role as "paymaster" of attorney vouchers as unfair leverage against plaintiff's attorney in the administrative litigation of this case.

49. It is an obvious and clear conflict of interest for the administrator and manager for payment of attorney's *IDEA* vouchers to simultaneously litigate the very administrative case she will subsequently rule upon in regard to payment.

50. WHEREFORE, plaintiff demands that government manager and defendant Quinn Harris-Lindsey be immediately enjoined from any participation in the litigation of this case, and reviewing any vouchers for payment of attorney's fees in this case because of a clear conflict of interest.

**REMEDY**

**WHEREFORE,** plaintiff respectfully requests that this court do the following:

1. Issue judgment for plaintiffs and against defendants;

2. Order the defendant to provide plaintiff a due process Hearing before a Hearing Officer in 5 days.

3. Order the defendant to provide plaintiff's counsel full and complete ongoing "service of process" of any and all documents concerning this legal matter at all stages of the administrative process.

4. Order the defendant to provide plaintiff's counsel full and complete ongoing disclosure of the government lawyer's name, address, and telephone number at every phase of the administrative process.

5. Enjoin the defendant from engaging in settlement negotiations, resolution meetings, meetings or written communications which exclude plaintiff's counsel.

6. Award attorneys' fees and costs for the litigation of this case in this honorable court pursuant to federal statute, federal regulations, and federal common law. *20 USC 1415 (i) (3) (B).*

7. Award any other relief the court deems just and or equitable.

Respectfully submitted,

Roy Carleton Howell, No. 415142
8003 Parkside Lane, N.W.
Washington, D.C. 20012
Home Phone (202) 545-0750
Office Phone (202) 545-0755

Attorney for Plaintiff

9