IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHADONNA SPENCER,
Parent and Next Friend of K.S.

    Plaintiffs

v.

DISTRICT OF COLUMBIA, *et al.*

    Defendants.

Civil Action No. **1:05-cv-2439**
JUDGE: Ricardo M. Urbina

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING
ORDER OR ALTERNATIVELY A PRELIMINARY INJUNCTION**

Pursuant to LCvR7.1 (d) plaintiff files a reply to defendants' opposition.

**I.   PURSUANT TO THE PLAIN MEANING OF *20 USC 1415 § 615 (f) (1) (B) (i) (I) OF THE INDIVIDUALS WITH DISABILITIES EDUCATION IMPROVEMENT ACT OF 2004*, THE GOVERNMENT HAD 15 DAYS TO CONVENE A RESOLUTION MEETING AFTER RECEIVING THE ADMINISTRATIVE COMPLAINT. THE GOVERNMENT FAILED TO CONVENE THE RESOLUTION MEETING IN COMPLIANCE WITH THE *IDEIA* TIMELINE, HENCE PLAINTIFF HAS A STATUTORY RIGHT TO A DUE PROCESS HEARING PURSUANT TO *20 USC 1415 § 615 (f) (1) (A) HEARING*.**

(a) **The Government is outside the *IDEIA Timeline to convene a resolution meeting*.**

On 6th December 2005 plaintiff filed a Due Process Complaint Notice with the Student Hearing Office, and the government acknowledged the official filing date. *See,* Plaintiff's Memorandum for TRO-Exhibit # 2, at p. 1. The government disclosed their 15 day obligation and documented 21st December 2005 as the deadline to convene a resolution meeting pursuant to *20 USC 1415 § 615 (f) (1) (B) (i) (I), IDEIA. See,*

1

Plaintiff's Memorandum for TRO-Exhibit # 2, at p. 1. The *controlling* language from *20 USC 1415 § 615 (f) (1) (B) (i) (I)* provides the following:

> (B) RESOLUTION SESSION.-
> (i) PRELIMINARY MEETING. – Prior to the opportunity for an impartial due process hearing under subparagraph (A), the local educational agency shall convene a meeting with the parents and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint –
>
> (I) within 15 days of receiving notice of the parents' complaint;

Pursuant to the plain meaning doctrine, *expressio unius est exclusion alterius*, the government is strictly obligated to follow the 15 day deadline in convening a resolution meeting pursuant to *20 USC 1415 § 615 (f) (1) (B) (i) (I)*, *IDEIA*. Insofar as the Due Process Complaint Notice was filed on 6th December 2005, the government had until 21st December 2005 to convene the resolution meeting pursuant to the *IDEIA.*

The above *IDEIA* timeline is clear. Before a party can proceed to an impartial due process hearing the government shall convene a resolution meeting within 15 days. Here *sub judice,* the 15 days expired on 21st December 2005, and now plaintiff has a statutory right to an "impartial due process hearing under subparagraph (A)." *20 USC 1415 § 615 (f) (1) (B) (i)*. Consequently, pursuant to *20 USC 1415 § 615 (f) (1) (A)* plaintiff has a statutory right to an impartial due process hearing. The 15 days have expired, and the State is statutorily obligated to convene an impartial due process hearing.

**(b) The deadline for the resolution meeting was 21st December 2005 unless the parties agree in writing to waive such meeting, or agree to refer the case to a mediator for resolution.**

Plaintiff moves that this court take judicial notice of the government's SCHEDULING MEMORANDUM, which is a legal document and part of the administrative record below. *See*, Plaintiff's Memorandum for TRO-Exhibit # 2, at p. 1.

This government document states, *inter-alia:*

> 3. The deadline for the resolution meeting is December 21, 2005 unless the parent and Local Educational Agency agree in writing to waive such meeting, or agree to refer the case to a mediator for mediation.

By the government's own admission the deadline for the resolution meeting was 21st December 2005 unless the parties agree to waive the meeting or seek mediation. Plaintiff waived the resolution meeting, and demanded a due process Hearing. *See,* Plaintiff's Memorandum for TRO-Exhibit # 1, at p. 2. Conversely, the government sought a resolution meeting, and failed to conduct it within the 15 days pursuant to *20 USC 1415 § 615 (f) (1) (B) (i) (I), IDEIA*.

(c) **The government's own interpretation of *20 USC 1415 § 615 (f) (1) (B)* is that prior to an impartial due process hearing, the government will convene a resolution meeting within 15 calendar days of receiving notice of the parent's complaint.**

Plaintiff moves that this court take judicial notice of the government's SCHEDULING MEMORANDUM, which is a legal document and part of the administrative record below. *See,* Plaintiff's Memorandum for TRO-Exhibit # 2, at p. 1. This government document states, *inter-alia:*

> Pursuant to *20 USC § 1415 (f) (1) (B)*, prior to the opportunity for an impartial due process hearing, the Local Educational Agency shall convene a resolution meeting with the parent(s) and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint <u>within 15 calendar days of receiving notice of the parents' complaint.</u>

The above underlined language (for emphasis) for interpretation of the *IDEIA* timeline was consummated by the government in their SCHEDULING MEMORANDUM. By the government's own admission, a resolution meeting must take place within 15 calendar days unless waived or referred to mediation. Plaintiff rejected

3

mediation and demanded an impartial due process hearing. *See*, Plaintiff's Memorandum for TRO-Exhibit # 1, at p. 2. Wherefore as a matter of law the government can not violate the 15 calendar day *IDEIA* timeline for convening a resolution meeting. As a general rule the government **must** convene the resolution meeting within 15 calendar days after receiving the parent's DUE PROCESS COMPLAINT NOTICE; *20 USC 1415 § 615 (f) (1) (B) (i) (I)*. After the 15 calendar days a parent has a right to an impartial due process hearing. *20 USC 1415 § 615 (f) (1) (A)*.

II.) **PURSUANT TO THE PLAIN MEANING OF** *20 USC 1415 § 615 (f) (1) (B) (ii) HEARING-* **A DUE PROCESS HEARING MAY OCCUR WITHIN 30 DAYS OF RECEIPT OF THE COMPLAINT, AND WHERE THERE IS NO RESOLUTION, ALL OF THE APPLICABLE TIMELINES FOR A DUE PROCESS HEARING UNDER THE** *IDEA* **WILL COMMENCE.** *SEE, 34 C.F.R. § 300.511 (a) (1)*.

(a) **How the timeline works.**

First, as aforementioned, the resolution meeting must take place within 15 calendar days from the date the DUE PROCESS COMPLAINT NOTICE is filed. *20 USC 1415 § (f) (1) (B) (i) (I)*. Second, pursuant to *20 USC 1415 § 615 (f) (1) (B) (ii)*, within 30 days of reception of the DUE PROCESS COMPLAINT NOTICE a hearing may occur, "and all of the applicable timelines for a due process hearing under this part shall commence." Pursuant to *34 C.F.R. § 300.511 et seq.*, a decision must be issued within 45 days from the filing of the DUE PROCESS COMPLAINT NOTICE. Third, as aforementioned, the DUE PROCESS COMPLAINT NOTICE was filed on 6th December 2005. *See*, Plaintiff's Memorandum for TRO – Exhibit # 2, at p. 1. Therefore, within 30 days from 6th December 2005 to 4th January 2006 a due process hearing may occur. Finally, the government has 45 days after the receipt of a request for a hearing to issue a final

4

decision. *34 C.F.R. § 300.511 (a) (1)*. This cogent regulation provides, *inter-alia:*

> *Sec. 300.511 Timelines and convenience of hearings and Reviews*
>
> (a) The public agency shall ensure that not later than 45 days after the receipt of a request for a hearing-
> (1) A final decision is reached in the hearing;

The Office of Special Education Programs of the United States Department of Education has unequivocally stated that a due process hearing and final decision must be completed within 45 days after receipt of a request for a hearing. *See, 34 C.F.R. § 300.511 (a) (1); also, see Plaintiff's attached Exhibit "A"* Hence, 45 days from which the 6th December 2005 DUE PROCESS COMPLAINT NOTICE was filed, the government must issue a final administrative decision. Here, *sub judice*, a final administrative decision must be issued on 19th January 2006. Wherefore, pursuant to *Patsel, et al. v. District of Columbia Board of Education, 522 F.Supp. 535, at 537 (D.D.C. 1981)* plaintiff has a fundamental right to a due process hearing.

**(b) The government's interpretation of the timeline is incorrect.**

The government's legal analysis of the *IDEA/IDEIA* timeline as to due process hearings is incorrect. The government states the following erroneous legal proposition:

> If, after the 30-day resolution period, no agreement has been reached, DCPS is required to initiate and conclude the hearing process within 45 days thereafter. *See*, Defendants' Opposition to Plaintiff's Motion For TRO, at p. 12.

This above legal position of the government is wrong and not based on regulation, statute or common law. As a general rule pursuant to *34 C.F.R. § 300.511 (a) (1)* the government has 45 days from the receipt of a hearing request to issue a final decision. Insofar as the DUE PROCESS COMPLAINT NOTICE was filed on 6th December 2005,

5

the government has until 19th January 2006 to issue a final decision by a Hearing Officer.

**III.) THE QUESTION BEFORE THE COURT IS THE GOVERNMENT'S EXCLUSION OF PLAINTIFF'S LAWYER FROM THE ADMINISTRATIVE DUE PROCESS, AND THE SUBSEQUENT DENIAL OF THE *IDEA/IDEIA* ADMINISTRATIVE PROCESS.**

(a) The government violated *Rule 4.2 – Communication Between Lawyer and Opposing Parties.*

On 6th December 2005 plaintiff provided the government with the name, address and telephone numbers of her attorney, and also gave notice that said counsel will represent her at any resolution meeting. Plaintiff's DUE PROCESS COMPLAINT NOTICE stated in relevant:

> Contact Ms. Spencer via her attorney, Mr. Howell @ (202) 545-0750 and fax # (202) 545-0525.
>
> I waive the resolution meeting. If compelled I'll have counsel.
> *See*, Plaintiff's Memorandum for TRO – Exhibit # 1, at p. 2.

Although the government knew the full name, address and telephone number for plaintiff's attorney, nevertheless government attorneys worked through government employees to contact plaintiff and exclude plaintiff's counsel in violation of *Rule 4.2 – Communication Between Lawyer and Opposing Parties (a)*.

> *Rule 4.2 – Communication Between Lawyer and Opposing Parties*
>
> (a) During the course of representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party known to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the lawyer representing such other party or is authorized by law to do so.

Here *sub judice*, the government lawyer Ms. Herbert violated *Rule 4.2* by causing and instructing another to communicate with the client Ms. Simpson without the

6

knowledge or prior consent of the client's lawyer. The affidavit of Jillian Diesner states:

> Ms. Kinzer, Special Ed. Supervisor for DCPS, was in my
> office at the time and witnessed the conversation. She
> called OGC and spoke with Ms. Herbert, who advised Ms.
> Spencer (via Ms. Kinzer) to write a statement to that effect.
> *See*, Defendants' Opposition to Plaintiff's Motion For TRO
> - Exhibit # 1 at p. 1.

The above admission of the government clearly illustrates that government lawyer Ms. Herbert advised plaintiff through Ms. Kinzer without plaintiff's counsel's knowledge, and in violation of *Rule 4.2.*

**(b) The government violated plaintiff's *IDEA/IDEIA rights to administrative due process, and plaintiff's counsel maintained a record to illustrate the government's denial of administrative review.***

The government's argument against plaintiff's counsel based on violation of *Rule 3.7 (a)* is without merit. In *Patsel, et al v. District of Columbia Board of Education, 522 F.Supp. 535, at p. 537 (1981)*, plaintiff's counsel maintained a record to illustrate the government denied his client a due process hearing. Here *sub judice*, plaintiff's counsel has maintained a record to illustrate the government likewise denied his client a due process hearing. *See*, Plaintiff's Memorandum for TRO-Exhibit # 7. In *IDEA* cases the entire administrative record is filed with the United States District Court for judicial review. *See, the IDEA 20 USC 1415 (i) (2) (B) (i) & (ii)*. The federal court shall (1) receive the administrative proceeding, and (2) hear additional evidence if the parties request. In *School Committee of the Town of Burlington, Massachusetts, et al. v. Department of Education of Massachusetts, et al, 471 U.S. 369, at p. 369 (1985)* that decision held the following in regard to evidence and the *IDEA*:

> The court shall receive records of the administrative proceedings,
> shall hear additional evidence at the request of a party, and, basing
> its decision on the preponderance of the evidence, shall grant such

relief as the court determines is appropriate, at *p. 369*.

All of plaintiff's counsel's actions comply with the protocols of *IDEA* litigation. Therefore, the government's argument against plaintiff's counsel regarding *Rule 3.7* is without merit and frivolous. The government now admits they denied plaintiff a due process hearing. The affidavit of Quinne Harris-Lindsey states:

> I called Mr. Howell with Mrs. Herbert present to inform him that I was overruling Mrs. Herbert's actions of agreeing to rescheduling the resolution session . . . *See*, Defendant's Opposition to Plaintiff's Motion For TRO – Exhibit # 3, at p. 1.

**(c) Although the government received a 14th December 2005 written letter from plaintiff to "deal with my lawyer"[1] concerning my case, nevertheless the government still contacted the client for settlement discussions which excluded the lawyer.**

The affidavit of Jillian Diesner states:

> December 21, 2005, I received a typed letter, signed by Ms. Spencer, stating that she did not understand what she wrote previously, and she wishes the case to proceed. I called Ms. Spencer to discuss Kavon's recent absences from school, and I also noted I received a letter from her regarding the complaint and her desire to proceed. *See*, Defendants' Opposition to Plaintiff's Motion for TRO- Exhibit # 1, at p. 2.

The 14th December 2005 letter was addressed to the principal Dr. Aliendre.[2] The purpose of Ms. Diesner's telephone call to plaintiff was to discuss the case with plaintiff without counsel's participation.

IV.)   **CONCLUSION**

In regard to plaintiff's ignorance, the affidavit of Jillian Diesner states:

> . . . I assisted Ms. Spencer in spelling the words she could not spell, because she has problems in reading and writing. *See*, Defendant's Opposition to Plaintiff's Motion for TRO-Exhibit # 1, at p. 1.

In regard to plaintiff's poverty, the affidavit of Karen Herbert states:

---

[1] *See*, Plaintiff's Memorandum for TRO- Exhibit # 5.
[2] Id.

8

> . . . because she was a poor black young girl from SE, who did not
> know any better and could be easily influenced. *See*, Defendant's
> Opposition to Plaintiff's Motion for TRO-Exhibit # 2, at p. 1.

Plaintiff is uneducated and poor. For many uneducated and poor Black citizens there is a fear of government programs where their children will be subjected to tests and evaluations for *IDEA* benefits. *See*, **Howell, Roy Carleton, *The Individuals With Disabilities Education Act (IDEA): Reaching The Black Legal Community To Inform Black People Of Their IDEA Rights*, 31 Southern University Law Review 85, at p. 95 (2003).**

WHEREFORE, this court must immediately compel the government to provide plaintiff a due process administrative hearing within 5 days. *20 USC 1415 § 615 (f) (1) (A). Patsel, et al. v. District of Columbia Board of Education, 522 F.Supp 535, at p. 537 (1981).* Moreover, this court must grant plaintiff all other appropriate remedies prayed for herein.

Respectfully submitted,

/s/ Roy Carleton Howell
Roy Carleton Howell, No. 415142
8003 Parkside Lane, NW
Washington, D.C. 20012
Office Phone (202) 545-0755
Home Phone (202) 545-0750
Attorney for Plaintiff