UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| SHADONNA SPENCER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 05-2439 (RMU) |
| | : | | |
| v. | : | Document No.: | 2 |
| | : | | |
| DISTRICT OF COLUMBIA *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

<u>**MEMORANDUM OPINION**</u>

D<small>ENYING THE</small> P<small>LAINTIFF'S</small> M<small>OTION FOR A</small> P<small>RELIMINARY</small> I<small>NJUNCTION</small>

## I.  INTRODUCTION

This case comes before the court on the plaintiff's motion for a preliminary injunction. The plaintiff alleges that the defendants, the District of Columbia and the District of Columbia Public Schools ("DCPS"), violated the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*. The plaintiff moves the court for injunctive relief to reverse the defendants' alleged denial of a due process hearing. Because the defendants have not denied the plaintiff's request for a due process hearing, the court denies the plaintiff's motion for a preliminary injunction.

## II.  BACKGROUND

The plaintiff brings this suit on behalf of her minor son, a special education student in the District of Columbia. Compl. ¶¶ 9, 15. Believing that her minor son's individualized education

plan ("IEP")[1] does not meet her son's needs, the plaintiff requested an administrative due process hearing on December 6, 2005. Pl.'s Mot. at 5-6. In response to the plaintiff's request for an administrative due process hearing, the defendants scheduled a resolution meeting[2] for December 21, 2005. *Id.* at 7; Defs.' Opp'n at 6. On December 14, 2005, the plaintiff spoke to an official at her son's school and stated that she wished to withdraw the request for a due process hearing and that she did not want to proceed with the resolution session. Defs.' Opp'n at 6.

Later, however, the plaintiff renewed her request for a due process hearing. Pl.'s Mot. at 9; Defs.' Opp'n at 7. The defendants received the plaintiff's renewed request for a due process hearing on December 21, 2005. Defs.' Opp'n at 7. The defendants subsequently scheduled a resolution session for January 2006. Defs.' Opp'n at 7. The plaintiff filed suit in this court to compel the defendants to schedule a due process hearing instead of a resolution session. The court now turns to the plaintiff's motion.

---

[1] The purpose of the Individuals with Disabilities Education Act ("IDEA") is to provide disabled children with "a free appropriate public education," and "to ensure that the rights of children with disabilities and parents of such children are protected." 20 U.S.C. § 1400(d). To that end, the parents or legal guardians, teachers, school district and other professionals (collectively, the "IEP team") meet annually to design a comprehensive individualized education program ("IEP") tailored to each disabled child's needs. 20 U.S.C. § 1414(d). The IEP "sets forth the child's educational level, performance, and goals," and it "is the governing document for all educational decisions concerning the child." *Bd. of Educ. of Cmty High Sch. Dist. No. 218 v. Il. State Bd. of Educ.*, 103 F.3d 545, 546 (7th Cir. 1996); *see also Spilsbury v. Dist. of Columbia*, 307 F. Supp. 2d 22, 25 (D.D.C. 2004) (stating that the IDEA requires that an IEP "include a statement of needs, services, learning aids, and programs that should be made available to the student").

[2] "In 2004, Congress added a mandatory 'resolution session' prior to any due process hearing." *Schaffer ex rel. Schaffer v. Weast*, 126 S. Ct. 528, 535 (2005) (citing 20 U.S.C. § 1415(f)(1)(B)).

## II.  ANALYSIS

### A.  Legal Standard for Injunctive Relief

This court may issue interim injunctive relief only when the movant demonstrates:

> (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction is not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction.

*Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)); *see also World Duty Free Americas, Inc. v. Summers*, 94 F. Supp. 2d 61, 64 (D.D.C. 2000).  It is particularly important for the movant to demonstrate a substantial likelihood of success on the merits.  *Cf. Benten v. Kessler*, 505 U.S. 1084, 1085 (1992) (per curiam).  Indeed, absent a "substantial indication" of likely success on the merits, "there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review."  *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 38 F. Supp. 2d 114, 140 (D.D.C. 1999) (internal quotation omitted).

The four factors should be balanced on a sliding scale, and a party can compensate for a lesser showing on one factor by making a very strong showing on another factor.  *CSX Transp., Inc. v. Williams*, 406 F.3d 667 (D.C. Cir. 2005) (citing *CityFed Fin. Corp.*, 58 F.3d at 747).  "An injunction may be justified, for example, where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury."  *CityFed Fin. Corp.*, 58 F.3d at 747.

Moreover, the other salient factor in the injunctive-relief analysis is irreparable injury.  A movant must "demonstrate at least 'some injury'" to warrant the granting of an injunction.

*CityFed Fin. Corp.*, 58 F.3d at 747 (quotation omitted). Indeed, if a party makes no showing of irreparable injury, the court may deny the motion for injunctive relief without considering the other factors. *Id.*

Because interim injunctive relief is an extraordinary form of judicial relief, courts should grant such relief sparingly. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). As the Supreme Court has said, "[i]t frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Id.* (citation omitted). Therefore, although the trial court has the discretion to issue or deny a preliminary injunction, it is not a form of relief granted lightly. In addition, any injunction that the court issues must be carefully circumscribed and tailored to remedy the harm shown. *Nat'l Treasury Employees Union v. Yeutter*, 918 F.2d 968, 977 (D.C. Cir. 1990) (citation omitted).

### B. The Court Denies the Plaintiff's Motion for a Preliminary Injunction

Because the plaintiff has not made the requisite showing on three parts of the preliminary injunction test, substantial likelihood of success on the merits, irreparable harm, and public interest, the court denies the plaintiff's motion. The preliminary injunction factors are discussed individually below.

#### 1. The Plaintiff Fails to Show a Substantial Likelihood of Success on the Merits

The plaintiff contends that the defendants violated the IDEA because: (1) the defendants cancelled the December 21, 2005 resolution session when the plaintiff withdrew her original due process complaint on December 14, 2005; and (2) the defendants scheduled a resolution session for January 2006, even though the plaintiff requested a due process hearing in her renewed due process complaint. Pl.'s Mot. at 10. The defendants argue that the court should deny the

plaintiff's motion because "the prescribed timetables" for processing the plaintiff's request for a hearing have not yet expired. Defs.' Opp'n at 9. In other words, the defendants argue that the plaintiff has not yet exhausted her administrative remedies. The court agrees.

**a. Legal Standard for Exhaustion of Administrative Remedies under IDEA**

Congress enacted IDEA "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." *Calloway v. Dist. of Columbia*, 216 F.3d 1, 3 (D.C. Cir. 2000) (quoting 20 U.S.C. § 1400(d)(1)(A)). Under IDEA, school districts must develop IEPs to meet the special educational needs of disabled students. *Id.* (citing 20 U.S.C. § 1414(d)). The IEP must include "a statement of the child's present levels of educational performance[,] a statement of measurable annual goals, [and] a statement of the special education and related services . . . to be provided to the child." *Id.* As a procedural safeguard, IDEA affords parents the right to examine all records regarding their child's disability and to participate in meetings regarding the child's identification, evaluation, and educational placement. 20 U.S.C. § 1415(b)(1). If a parent objects to the child's identification, evaluation, or educational placement, the parent may request a due-process hearing before a hearing officer. *Calloway*, 216 F.3d at 3 (citing 20 U.S.C. §§ 1415(b)(6), (f)(1)). A parent who is aggrieved by a hearing officer's determination ("HOD") may bring suit in state or federal court. *Id.* (citing 20 U.S.C. § 1415(i)(2)).

The administrative process set forth by IDEA is not "just an optional stop on the way to court." *Andersen by Andersen v. Dist. of Columbia*, 877 F.2d 1018, 1025 (D.C. Cir. 1989). Rather, the philosophy underpinning IDEA requires a plaintiff to exhaust administrative remedies before turning to the courts. *Cox v. Jenkins*, 878 F.2d 414, 418 (D.C. Cir. 1989). As

the D.C. Circuit has pointed out,

> [t]he exhaustion doctrine serves several important purposes: it prevents courts from interrupting the administrative process permanently; it allows the agency to apply its specialized expertise to the problem; it gives the agency an opportunity to correct its own errors; it ensures that there will be a complete factual record for the court to review; and it prevents the parties from undermining the agency by deliberately flouting the administrative process.[3]

*Id.* at 419. Under IDEA, a plaintiff's failure to exhaust administrative remedies deprives the court of authority to hear the suit. 20 U.S.C. § 1415(c), (e); *Rann v. Chao*, 346 F.3d 192, 195 (D.C. Cir. 2003) (noting that the circuit treats exhaustion as a jurisdictional requirement in IDEA cases); *Cox*, 878 F.2d at 422 (concluding that the district court "had no authority to hear" a suit in which the plaintiffs had failed to exhaust their remedies); *Lemon v. Dist. of Columbia*, 920 F. Supp. 8, 10 (D.D.C. 1996) (stating that exhaustion "is a jurisdictional prerequisite to any claim for judicial relief arising out of the IDEA"). Only 'where exhaustion would be futile or inadequate" may a plaintiff bypass the administrative process and proceed to court. *Cox*, 878 F.2d at 419 (citing *Honig v. Doe*, 484 U.S. 305, 326-27 (1988)). The plaintiff bears the burden of showing futility or inadequacy. *Id.*; *Moss v. Smith*, 794 F. Supp. 11, 13 (D.D.C. 1992).

### b. The Plaintiff Failed to Exhaust Administrative Remedies

The plaintiff is unlikely to success on the merits because she has not exhausted her administrative remedies and because she has not shown that exhaustion would be futile or inadequate. The plaintiff's motion implies that it would be futile to continue pursuing an

---

[3] The Second Circuit has explained that

> [IDEA's] exhaustion requirement is predicated on Congress's belief, expressed through the statutory scheme, that administrative agencies can "get it right": that the agencies themselves are in the optimal position to identify and correct their errors and to fine-tune the design of their programs.

*Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 489 (2d Cir. 2002).

administrative remedy because the defendants allegedly cancelled her due process hearing. When a parent files a due process complaint, the local educational agency (in this case, defendant DCPS) "shall convene a meeting with the parents and the relevant member or members of the IEP team" within 15 days of receiving notice of the parent's complaint, unless the parents and the local educational agency both agree in writing to waive the meeting. 20 U.S.C. § 1415(f)(1)(B). This mandatory preliminary meeting is called a "resolution session." *Schaffer ex rel. Schaffer v. Weast*, 126 S. Ct. 528, 535 (2005) (citing 20 U.S.C. § 1415(f)(1)(B)). If the local educational agency cannot resolve the complaint to the parent's satisfaction after the resolution session, the parent is entitled to a due process hearing. 20 U.S.C. § 1415(f)(1)(B)(ii).

In the instant case, the plaintiff filed her first request for a due process hearing on December 6, 2005. Pl.'s Mot. at 5. In response to the plaintiff's request for a due process hearing, the defendants scheduled a resolution session for December 21, 2005. *Id.* at 7. The plaintiff then approached the defendants[4] and stated that she did not want to proceed with the due process complaint and the resolution meeting. Defs.' Opp'n at 6. The plaintiff also wrote a statement expressing her wish to withdraw her due process complaint. *Id.* at 6-7. Accordingly, the defendants cancelled the resolution meeting. Pl.'s Mot. at 10.

On December 21, 2005, the defendants received a letter from the plaintiff renewing her due process complaint. Defs.' Opp'n at 7. In response to the plaintiff's renewed due process

---

[4] The plaintiff's attorney also makes some allegations that the defendants communicated with the plaintiff without his presence. Pl.'s Mot. at 10. "Prevailing norms of legal practice prevent a lawyer from communicating with a party, rather than a lawyer." *Moran v. Burbine*, 475 U.S. 412, 464 n.53 (1986). In the case at bar, however, the plaintiff does not deny that it was the plaintiff herself that approached officials at DCPS to withdraw her request for a due process hearing. Because "parties to a matter may communicate directly with each other," D.C. RULES OF PROF'L CONDUCT R. 4.2 cmt. 1, plaintiff counsel's allegations that the defendants improperly communicated with the plaintiff are without merit.

complaint, the defendants scheduled a resolution session for January 2006. *Id.* The plaintiff, however, contends that the deadline for the resolution meeting was December 21, 2005. Pl.'s Reply at 2. Because the deadline for the resolution session has passed, the plaintiff reasons that the defendants have violated her due process rights. Pl.'s Mot. at 9.

The plaintiff does not cite any legal authority to support her position that the defendants improperly cancelled the December 21, 2005 resolution session after she requested that her complaint be withdrawn.[5] Indeed, the plaintiff's position defies common sense, for it would basically require the defendants to hold a resolution session or a due process hearing to assess the propriety of an IEP even when a parent withdraws her challenge to that IEP. Further, the plaintiff cites no legal authority for her implied proposition that the defendants must bypass the statutorily required resolution session simply because she "rejected mediation and demanded an impartial due process hearing." Pl.'s Reply at 4. Indeed, the IDEA contravenes the plaintiff's belief that the defendants may schedule a due process hearing without first scheduling the preliminary resolution meeting. 20 U.S.C. § 1415(f)(1)(B)(i) (stating that "[p]rior to the opportunity for an impartial due process hearing . . . the local educational agency shall convene a [resolution] meeting with the parents and the relevant member or members of the IEP Team").

Moreover, assuming *arguedo* that the defendants did not comply with the applicable time limits for scheduling a resolution session, the court would nevertheless deny the plaintiff's

---

[5] The plaintiff cites *Patsel et al. v. Dist. of Columbia Bd. of Educ.*, 522 F. Supp. 535, 537 (D.D.C. 1981) for the proposition that she is entitled to a due process hearing within five days of her due process complaint. Contrary to the plaintiff's assertion, however, this case is not analogous to the present situation. In *Patsel*, the court ordered the defendants to schedule a due process hearing within five days of the court's order after the defendants refused to schedule a due process hearing. In the present case, however, the defendants have not refused to schedule a due process hearing. Indeed, the defendants have processed the plaintiff's renewed complaint and have already scheduled the required preliminary resolution session.

request to compel the defendants to schedule a due process hearing because the deadline for a due process hearing has not passed. 20 U.S.C. §1415(f)(1)(B)(ii); 34 C.F.R. § 300.511(a); *Blackman v. Dist. of Columbia,* 277 F. Supp. 2d 89 (D.D.C. 2003) (stating that DCPS is "required to provide administrative due process hearings within 45 days of the receipt of a request for such a hearing"). Because the plaintiff renewed her due process complaint on December 21, 2005, the deadline for a due process hearing has not passed. Accordingly, the plaintiff has failed to exhaust administrative remedies. *See also Massey v. Dist. of Columbia*, 2005 WL 2885510 at *4 (D.D.C. Nov. 3, 2005) (stating that the exhaustion requirement may be waived "only in the most exceptional circumstances") (quoting *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 106 (D.C. Cir. 1986)). The court therefore concludes that the plaintiff is unlikely to succeed on the merits of her case.

### 2.  The Plaintiff Fails to Show Irreparable Harm

The plaintiff's claim of irreparable harm is based on the defendants' alleged denial of a due process hearing. Pl.'s Mot. at 22. But, as explained *supra*, presently the plaintiff has not exhausted her administrative remedies, and the defendants have not violated the plaintiff's right to a due process hearing. Indeed, the defendants are processing the plaintiff's renewed due process complaint in the statutorily-required manner. The plaintiff, in short, fails to show that she will suffer irreparable harm if her motion is denied. *Massey*, 2005 WL 2885510 at *9 (determining that a plaintiff would suffer irreparable harm where there is "no assurance that DCPS is able to follow procedural timelines required in the IDEA"); *see also Wis. Gas Co. v. F.E.R.C.*, 758 F.2d 669, 675 (D.C. Cir. 1985) (stating that "it would be difficult to conclude that irreparable injury would occur" where the petitioners claims of injury were merely hypothetical).

### 3. A Preliminary Injunction Might Substantially Injure Other Interested Parties

The plaintiff argues that "there can be no harm in granting relief that simply requires the government to meet their [sic] undisputed legal obligations and provide plaintiff a due process hearing." Pl.'s Mot. at 22. But, the court's interference in a situation where the plaintiff has not exhausted administrative remedies "undermin[es] the [defendants] by deliberately flouting the administrative process." *Cox*, 878 F.2d at 419. Although granting the plaintiff's motion might undermine the defendant and deprive it of an opportunity to "apply its specialized expertise" and "to correct its own errors," *id.*, the court cannot determine with certainty whether these consequences constitute a harm great enough to cause substantial injury to the defendants. Because it is unclear whether the court's assertion of jurisdiction would substantially injure the defendants, the court cannot determine whether granting the plaintiff's motion substantially injures other interested parties.

### 4. The Plaintiff Fails to Show that a Preliminary Injunction is in the Public Interest

The plaintiff argues that "the public interest clearly is served by ensuring that officials of the government are consistently within the law." Pl.'s Mot. at 23. The court, however, agrees with the defendants' argument that a "grant of the relief requested here would represent a major disruption of a carefully crafted legislative scheme for evaluating special education students, developing their IEPs, and conducting an administrative review of disputed IEPs."[6] Defs.'

---

[6] Where "the moving party seeks a preliminary injunction that will affect 'government action taken . . . pursuant to a statutory or regulatory scheme, the injunction should be granted only if the moving party meets the more rigorous likelihood-of-success standard.'" *No Spray Coal.,Inc. v. City of New York*, 252 F.3d 148, 150 (2d Cir. 2001) (citing *Beal v. Stern*, 184 F.3d 117, 122 (2d Cir.1999)). As discussed *supra*, however, the plaintiff has not demonstrated a likelihood of success because she has not exhausted her administrative remedies.

Opp'n at 15.  Stated differently, "[r]esort to the administrative process is a desirable alternative to litigation in the federal courts."  *Cox*, 878 F.2d at 419.  Accordingly, the court concludes that issuing a preliminary injunction is not in the public interest.

## IV.  CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for a preliminary injunction.  An order consistent with this Memorandum Opinion is issued the 11th day of January, 2006.

RICARDO M. URBINA
United States District Judge